JUDAH, Assignee, etc., *v.* IOWA BARB-WIRE Co. and others.

*(Circuit Court, N. D. Illinois.* October 31, 1887.)

REMOVAL OF CAUSES—CITIZENSHIP—REMAND.

The voluntary assignee of an insolvent, a citizen of Illinois, brought suit in the courts of that state to set aside an alleged fraudulent preference. The preference consisted in the insolvent, on the day he made the assignment, turning over to one J., also a citizen of Illinois, certain warehouse receipts to be held by him for the indemnity of a creditor residing in New York Both J and the creditor were made parties to the suit. A receiver was appointed, to whom J. turned over the receipts. Default was entered against J for want of answer, and the creditor removed the cause to the federal court. *Held*, on motion to remand on the ground of the common citizenship of J. and the assignee, that, the only question left open being whether the creditor took title to the receipts as against the assignee, J was not a necessary party, and that the case should be retained, the federal court being as competent as the state court, in the event of the dismissal of the bill, to order the return of the receipts to J.

On Motion to Remand.
*Gardener, McFadden & Gardener,* for plaintiff.
*E. Hanecy,* for defendants.

BLODGETT, J. This is a bill brought in the state court by the plaintiff, as voluntary assignee of Sherman & Marsh, to set aside an alleged fraudulent preference made by Sherman & Marsh to the Iowa Barb-Wire Company. The material allegation in the bill is that on the day Sherman & Marsh made their assignment to the plaintiff for the benefit of creditors, and before making such assignment, they placed in the hands of the defendant Judson certain warehouse receipts of the value of $15,-000, to be held by Judson to indemnify the defendant against loss on certain notes of Sherman & Marsh held by the Iowa Barb-Wire company, Sherman & Marsh being then insolvent, and intending thereby to give an unlawful preference to the barb-wire company. Judson was duly served with process, and a receiver was appointed in pursuance of the prayer of the bill, to whom the warehouse receipts in controversy were surrendered by Judson. The default of Judson for want of answer was also entered, and, after these proceedings, the barb-wire company, which is a citizen of the state of New York, filed its petition in due form for the removal of the cause to this court. The record was duly filed here, and the plaintiff now moves to remand on the ground that Judson was a necessary party to the bill, and that, as he and the plaintiff at the time of the commencement of the suit were both citizens of Illinois, the case was not removable.

It may be conceded, for the purpose of the question now raised, that Judson, having possession of the warehouse receipts now in controversy, and being clothed by the transfer to him with a certain duty in regard to them, was a necessary party to the bill; but, at the time the barb-wire company applied for the removal, the court had taken possession of the subject-matter in controversy, and the case was ended so far as

v.32F.no.9—36

Judson was concerned, and the only controversy left open was whether the action of Sherman & Marsh in transferring these receipts to Judson was effective in law to clothe the barb-wire company with a valid interest in them as against their assignee. The court, in other words, is only called upon to decide whether these receipts belong to the complainant, by virtue of the assignment to him for the benefit of the creditors of Sherman & Marsh, or whether they are wholly or in part to be applied in the manner directed by the transfer to Judson. Judson appears from the allegations in the bill, and his own confession of the truth of those allegations, to have no interest now in this controversy, and had none at the time of the application for removal.

It is urged, however, if the complainant was to dismiss the bill, it would be the duty of the court to direct the receiver to return the receipts to Judson; but this does not seem to me any reason why the remaining defendant should not be allowed to have the controversy between himself and the complainant decided in this court, as this court can as easily order the receipts returned to Judson by the receiver as could the state court in the same contingency, if it shall appear that they ought to be so returned.

For these reasons I shall overrule the motion to remand.